J-S28017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PHILIP P. JAURIGUE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH S. CALDWELL, JR. AND | : | |
| JACQUI L. SPENCER (DECEASED) | : | |
| | : | No. 796 EDA 2021 |
| | : | |
| APPEAL OF: JOSEPH S. CALDWELL, | : | |
| JR. | : | |

Appeal from the Order Entered March 22, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s):
A06-20-60856-C-37

BEFORE:    BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 15, 2021**

Joseph S. Caldwell, Jr. ("Father") appeals from the March 22, 2021 Order entered in the Bucks County Court of Common Pleas that found Philip P. Jaurigue to have *in loco parentis* standing to pursue custody of L.C. ("Child") and awarded Father sole legal and primary physical custody and Mr. Jaurigue partial physical custody of Child.  Upon review, we affirm.

The relevant procedural and factual history, as gleaned from the trial court opinion and the certified record, is as follows.  Father and Jacqui Spencer ("Mother") are parents to nine-year-old Child, who was born in March 2012. Father and Mother never lived together.  Mother began a romantic relationship with Mr. Jaurigue, and subsequently Mother and Child resided primarily with

_____

[*] Retired Senior Judge assigned to the Superior Court.

Mr. Jaurigue from August 2013 until Mother died in December 2019. During this time, Mother had primary physical custody of Child and Father had partial physical custody. When Mother died, Child began residing with Father full-time and visited with Mr. Jaurigue when Father permitted.

On June 17, 2020, Mr. Jaurigue filed a Complaint for Custody, which averred that he stood *in loco parentis* to Child and requested partial physical custody of Child. On July 6, 2020, Father filed Preliminary Objections and Motion to Dismiss for Lack of Standing. The trial court held a hearing on November 5, 2020, and after hearing testimony and reviewing the parties' briefs, the court overruled Father's objections and concluded that Mr. Jaurigue had *in loco parentis* standing to pursue custody of Child.

Pending a custody hearing, the parties entered into an Interim Agreed Custody Order, which awarded Mr. Jaurigue physical custody of Child every Monday after school and on alternating Saturdays, one overnight visit, as well as daily video calls with Child.

The trial court held custody hearings on January 4, 2021, and February 9, 2021. Mr. Jaurigue testified on his own behalf and presented testimony from Michael Spencer, Child's maternal grandfather. Father presented testimony from himself, his fiancé Ciani Wells, and Child's therapist Amanda Phillips. On March 22, 2012, after consideration of the 23 Pa.C.S. § 5328(a) custody factors on the record, the trial court granted Mr. Jaurigue's request for custody and awarded Mr. Jaurigue partial physical custody of Child for,

*inter alia*, one weekend every other month, Saturdays during the day on alternating weekends, and every Thursday after school.

Father timely appealed. The trial court ordered Father to file a Pa.R.A.P. 1925(b) Statement and Father complied.[1] The trial court filed a responsive Opinion.

Father raises the following issues for our review:

1. Did the trial judge err, as a matter of law and facts, and abuse his discretion by denying and dismissing the Preliminary Objections filed by [Father] that [Mr. Jaurigue] did not stand *in loco parentis* to [] Child and thus ha[s] no standing to bring the instant action?

2. Did the trial judge err, as matter of law and facts, and abuse his discretion by using incorrect criteria, bases and reasons in determining that that [Mr. Jaurigue] had standing to file the instant action?

Father's Brief at 4 (some capitalization omitted).

"Determining standing in custody disputes is a threshold issue that must be resolved before proceeding to the merits of the underlying custody action." *C.G. v. J.H.*, 193 A.3d 891, 898 (Pa. 2018). Whether an individual has standing in a custody dispute "is a conceptually distinct legal question which

---

[1] Although Father failed to file a Rule 1925(b) Statement of Errors Complained of on Appeal contemporaneously with his Notice of Appeal, *see* Pa.R.A.P. 1925(a)(2)(i), (b), we decline to dismiss on this basis because no party asserted prejudice. *See In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that the failure to file a rule 1925(b) statement contemporaneously with a notice of appeal in a children's fast track case will result in a defective notice of appeal which this Court will address on a case-by-case basis, avoiding the extreme action of dismissal when the defect does not prejudice any party).

has no bearing on the central issue within the custody action [of] who is entitled to physical and legal custody of Child in light of her best interests[.]" *K.C. v. L.A.*, 128 A.3d 774, 779 (Pa. 2015). "Issues of standing are questions of law; thus, the standard of review is *de novo* and the scope of review is plenary." *C.G. v. J.H*., 193 A.3d at 898.

Relevant to this appeal, Section 5324 of the Custody Act provides that an individual can seek "any form of physical or legal custody" if the individual stands "*in loco parentis* to the child." 23 Pa.C.S. § 5324(2). "The term *in loco parentis* literally means 'in the place of a parent.'" *Peters v. Costello*, 891 A.2d 705, 710 (Pa. 2005) (citation omitted). "The status of *in loco parentis* embodies two ideas; first, the assumption of a parental status, and, second, the discharge of parental duties." *Id.* (citation omitted).

Both issues that Father raises on appeal challenge the trial court's ruling that Mr. Jaurigue had standing to pursue partial physical custody of Child. Father's Br. at 4. Father argues, without citation to the record, that the trial court erred when it found that Mr. Jaurique stood *in loco parentis* to Child based on the evidence presented in court. *Id.* at 9. In turn, Mr. Jaurique argues that Father has waived these issues because Father's brief lacks any reference to the record to support his arguments and contains numerous other violations of the Rules of Appellate Procedure. Appellee's Br. at 14. We agree.

Our review of Father's brief exposes significant violations of the Rules of Appellate Procedure. For example, Father fails to state the appropriate standard and scope of review and fails to provide citations to any supporting

authority regarding the standard of review. *See* Pa.R.A.P. 2111(a)(3); Father's Br. at 3. Father's statement of the case includes a procedural and factual history but fails to cite to the record as required by Pa.R.A.P. 2117. Father's Br. at 5. In addition, Father fails to divide his argument section into "as many parts as there are questions to be argued" as required by Pa.R.A.P. 2119. *Id.* at 10-17. Most importantly, in his argument section, Father fails to cite to the record, severely hampering this Court's ability to review Father's challenges. *See* Pa.R.A.P. 2119(c); Father's Br. at 10-17.

"It is not the duty of this Court to act as appellant's counsel, and we decline to do so. We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the issue to be waived." *C.H.L. v. W.D.L.*, 214 A.3d 1272, 1277–78 (Pa. Super. 2019) (citations and quotation marks omitted). "When an allegation is unsupported by any citation to the record, such that this Court is prevented from assessing the issue and determining whether error exists, the allegation is waived for purposes of appeal." *Commonwealth v. Williams*, 176 A.3d 298, 306 (Pa. Super. 2017) (citation and quotation mark omitted).

Father has failed to cite to the record throughout his brief, and most importantly in his argument section, severely hampering this Court's ability to conduct meaningful appellate review. We decline to scour the record to find evidence to support Father's arguments. We, thus, conclude that his issues are waived.

Order affirmed.

Judge Pellegrini joins the memorandum.

Judge Bowes concurs in results.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/15/2021</u>